

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0378-13

### ROMAN RAMIREZ-MEMIJE, Appellant

**v.**

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**PRICE, J., filed a dissenting opinion in which KELLER, P.J., and WOMACK and JOHNSON, JJ., joined.**

### DISSENTING OPINION

The Court holds that, because it is undisputed that the appellant knowingly possessed

the skimmer, he is not entitled to an instruction under Section 6.01(b), which depicts the

circumstances under which "possession" may constitute a "voluntary act" under the Texas

Penal Code.[1]  But, as the court of appeals took great pains to emphasize in its opinion, the

---

[1]

Majority Opinion at 9.  *See* TEX. PENAL CODE § 6.01(a) ("A person commits an offense only
if he voluntarily engages in conduct, including . . . possession."); § 6.01(b) ("Possession is a voluntary
act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the

indictment in this case did not allege that the appellant possessed the skimmer.[2] It alleged that he possessed more than ten items of "identifying information," those being the "electronic identification number[s]" of a dozen individuals—credit card numbers. The appellant admitted possessing the skimmer, but he testified that he did not even know what a skimmer was, much less that it contained such "identifying information."[3] Because the skimmer was not "the thing possessed" in contemplation of Section 6.01(b), the court of appeals rejected the State's argument that no voluntary act instruction was necessary because the evidence showed he "knowingly obtain[ed]" the skimmer, asking itself, rather, whether it was contested that the appellant "knowingly obtain[ed]" the identifying information.[4] Today the Court entirely ignores this distinction, though it was the linchpin in the court of appeals's analysis.

The Court observes that the appellant might have been entitled to an instruction on possession as a voluntary act under Section 6.01(b) if there had been evidence that he did not knowingly obtain the skimmer—if it had been slipped into his bag unbeknownst to him, for example. I do not disagree that, under those circumstances, the appellant would have been entitled to such an instruction, since he would not have been aware of possessing *either* the

---

thing for a sufficient time to permit him to terminate his control.").

[2] *Ramirez-Memije v. State*, 397 S.W.3d 293, 297-98 (Tex. App.—Houston [14th Dist.] 2013).

[3] *Id*. at 296, 303.

[4] *Id*. at 298.

skimmer *or* the identifying information contained therein. But I disagree that this would be the *only* set of circumstances that could justify submitting the Section 6.01(b) instruction. The Court seems to rely on our recent opinion in *Farmer v. State* for the proposition that the appellant need not be aware of the contents of the skimmer in order for his possession of it to constitute a voluntary act for purposes of Section 6.01(b).[5] But *Farmer* involved a prosecution for driving while intoxicated, so the concept of possession as a voluntary act, and therefore Section 6.01(b), was not implicated there.[6] *Farmer* is largely inapposite here.

The Court concludes that the appellant's testimony that "he did not know what the device was or what was on the device" entitles him to no more than an ordinary jury instruction regarding the culpable mental state for the offense in question—that he must have possessed the identifying information in this case with the specific "intent to harm or defraud another[.]"[7] Again, I do not disagree that, if the jury believed that the appellant was unaware that the skimmer even contained any identifying information, it would almost certainly conclude that

---

[5] Majority Opinion at 8 (discussing *Farmer v. State*, 411 S.W.3d 901 (Tex. Crim. App. 2013)).

[6] In *Farmer*, the appellant claimed to have been mistaken about the pharmaceutical content of certain pills he had taken before driving. 411 S.W.3d at 902. We held that his mistake with regard to the content of the pill did not render his act of ingesting it involuntary for purposes of Section 6.01(a). *Id*. at 907-08. Our opinion contains no discussion of possession as a voluntary act under Section 6.01(b).

[7] Majority Opinion at 9. *See* TEX. PENAL CODE § 32.51(b)(1) ("A person commits an offense if the person, with the intent to harm or defraud another, . . . possesses . . . an item of . . . identifying information of another person without the other person's consent[.]").

he lacked the requisite specific intent to harm or defraud anyone. But while this circumstance might properly inform a some-harm analysis under *Almanza v. State*,[8] it does not necessarily resolve the question of whether it was error for the trial court to refuse the appellant's request for a possession-as-a-voluntary-act instruction under Section 6.01(b). The answer to that question turns on an exegesis of Section 6.01(b) itself, which—unlike the court of appeals[9]—the Court today does not undertake.

In its treatment of the issue, the court of appeals observed that "the 'voluntary act' of possession seemingly involves an overlap between actus reus and mens rea."[10] I think this is undoubtedly correct. Under Section 6.01(a) of the Penal Code, a person commits an offense only if he voluntarily engages in "conduct," including "an act, an omission, or possession."[11] An "act" "means bodily movement, whether voluntary or involuntary[.]"[12] An "omission" is a "failure to act."[13] And Section 6.01(b), in turn, defines "possession" as a "voluntary act if

---

[8] 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (opinion on State's motion for reh'g).

[9] *Ramirez-Memije*, 397 S.W.3d at 298-300.

[10] *Id*. at 299.

[11] TEX. PENAL CODE § 6.01(a). Oddly enough, "conduct" is defined in the Penal Code to be "an act or omission *and its accompanying mental state*." TEX. PENAL CODE § 1.07(10) (emphasis added).

[12] TEX. PENAL CODE § 1.07(1).

[13] TEX. PENAL CODE § 1.07(34).

the possessor *knowingly* obtains or receives the thing possessed or is *aware* of his control of the thing for a sufficient time to permit him to terminate his control."[14]  Thus, actus reus and mens rea seemingly merge.

As the practice commentary to Section 6.01 of the 1974 Penal Code noted, "[a]lthough possession is often treated in the criminal law as the equivalent of an act, it is not strictly speaking a bodily movement so subsection (b) [of Section 6.01] is necessary to treat it as such."[15]  And as the court of appeals aptly observed, "the unique character of 'possessory' offenses has always plagued and confounded the bench and bar, for it defies analysis by the general methodology of viewing the major components of offenses as 'conduct' distinct from 'intent.'"[16] Given this hybridization of conduct and intent as reflected in Section 6.01(b), it does not suffice for the Court today simply to conclude that a proper jury instruction with respect to mens rea wholly obviates the need to also instruct the jury with respect to the possession-as-a-voluntary-act component of the actus reus.  The appellant may be legally entitled to both instructions.  While failing to submit one to the jury under appropriate circumstances may not always prove even to generate "some harm" in light of submission of the other, that does not mean that the failure did not constitute error in the first place.

---

[14]

TEX. PENAL CODE § 6.01(b) (emphasis added).

[15]

TEX. PENAL CODE § 6.01 (West 1974) (Practice Commentary at 81).

[16]

*Ramirez-Memije*, 397 S.W.3d at 298 (quoting *Gorman v. State*, 634 S.W.2d 681, 685 (Tex. Crim. App. 1982) (Clinton, J., concurring).

So what exactly does Section 6.01(b) require, then, in the way of an instruction in possession-related offenses? An accused is guilty of such an offense "only if" he voluntarily engages in the conduct of possession, and such conduct is voluntary "if the possessor knowingly obtains or receives the thing possessed[.]"[17] I think it is clear enough that, in order to voluntarily possess "the thing possessed" for purposes of this provision, the accused need not be aware of "the nature of the thing possessed" so long as he knows that, whatever it is, he does indeed possess it.[18] What if he does not know he possesses it? One clear example of this would be the Court's slipping-the-skimmer-into-the-appellant's-bag hypothetical. Under these circumstances, the appellant does not even realize he possesses the skimmer, much less any identifying information contained therein. But does that reflect the only circumstance in which it can be said that an accused may posses a thing without knowing it?

Suppose "the thing possessed" were a box, and the evidence showed that the accused had shaken the box so that he was aware that there was *something* inside it, though he was manifestly unaware of the nature of "the thing possessed." Under these circumstances, I would agree that the accused would know that he had "obtain[ed]" the contents of the box (whatever

---

[17] TEX. PENAL CODE § 6.01(a), (b).

[18] *See* TEX. PENAL CODE § 6.01 (West 1974) (Practice Commentary at 81) ("The subsection [Section 6.01(b)] does not determine whether an actor must know the nature of the thing possessed or just know that he possesses a thing; this issue is determined by the definition of the specific (possessory) offense involved, *e.g.*, Rodriguez v. State, 372 S.W.2d 541 (Cr. App. 1963) (must know capsule possessed contained barbiturate).").

those contents may be), and he would not be entitled to an instruction under Section 6.01(b). But suppose, instead, that what the accused knowingly possessed was, by all available perception, simply a solid cube; but that, unbeknownst to him, the solid cube contained contraband embedded in its interior. The fact that the accused did not know that the content of the cube was *contraband* would not entitle him to a Section 6.01(b) instruction—that would purely be a question of his culpable mental state. But the fact that he cannot have been expected to know that *anything* might be contained within a solid cube may well mean that he does not *voluntarily* possess what is within it, for purposes of Section 6.01(b), regardless of whether he is aware of its nature. Because the nature of the thing he knowingly possessed gave him no basis to infer that he also possessed something in its interior, he cannot be said to have knowingly possessed "the thing possessed" inside. Under these circumstances, in addition to those that the Court concedes, I should think that the accused would be entitled to a Section 6.01(b) instruction.

In this case, the appellant's testimony raised the possibility that he simply did not have any way to know that the skimmer contained "the thing possessed" under the indictment—the identifying information. If the appellant genuinely did not know what a skimmer was, then the situation is more like the solid cube in my hypothetical than the rattling box. The appellant would have no basis to suspect that the skimmer was a container for holding *anything*, much less identifying information, which was "the thing possessed" in contemplation of the indictment. This being so, I agree with the court of appeals that the appellant was entitled to

his requested Section 6.01(b) instruction.

I also agree with the lower court that the failure to give that instruction was manifestly harmful under the facts of this case. It is true that the trial court instructed the jury that, in order to convict the appellant, it would have to find that he possessed the identifying information with the specific intent to harm or defraud another. Under ordinary circumstances, one would think that a rational jury would be loathe to find such a specific intent if it did not believe at a minimum that the appellant was aware that the skimmer contained the identifying information alleged in the indictment. An ordinary mens rea instruction should have adequately served the appellant's interest, rendering the erroneous absence of a requested Section 6.01(b) jury instruction harmless. But this is not an ordinary case.

With respect to the specific intent to harm or defraud another, the jury in this case was instructed "that the defendant is presumed to have the intent to harm or defraud another if the defendant possesses the identifying information of three or more other persons."[19] The jury was *not*, however, also instructed with respect to the "consequences" of such an instruction, as mandated by Section 2.05(a)(2) of the Penal Code.[20] Thus, the jury was equipped to find

---

[19] TEX. PENAL CODE § 32.51 (b-1)(1).

[20] TEX. PENAL CODE § 2.05(a)(2). Indeed, the appellant asserted this defect in the presumption instruction in his third point of error on appeal. *Ramirez-Memije*, 397 S.W.3d at 297. Given its disposition of the present issue, however, the court of appeals did not address it. *Id*. at 304 n.16. The Court today reverses the judgment of the court of appeals and remands the cause for further proceedings, wherein that court will almost certainly reverse the conviction again on the basis of the appellant's third point of error. *See Hollander v. State*, 414 S.W.3d 746, 753-56 (Tex. Crim. App.

the requisite specific intent in this case without ever having to make a determination *at all* regarding whether the appellant was *aware* that he possessed *any* of the identifying information. Without Section 2.05(a)(2)'s qualifying instructions, the jury was essentially told that it *must* presume the requisite intent from the mere fact that the appellant possessed identifying information belonging to at least three people—regardless of whether he *knew* he possessed that identifying information. Because the evidence was undisputed that the appellant actually (if perhaps unknowingly) did possess identifying information of more than three people, the odds are high that the appellant's jury never bothered to determine—either as a matter of mens rea or actus reus—whether the appellant was ever aware that, by possessing the skimmer, he had also possessed identifying information. This is especially so in light of the State's repeated insistence at trial and in final arguments that all the jury needed to find was that the appellant knowingly possessed the skimmer, as chronicled by the court of appeals's opinion.[21]

Because I believe the court of appeals correctly resolved this issue, and almost certainly reached the proper disposition of the case, I respectfully dissent.

FILED:        September 17, 2014
PUBLISH

_____

2013) (Cochran, J., concurring).

[21] *Ramirez-Memije*, 397 S.W.3d at 302-04.